AURORA NATIONAL BANK, Plaintiff-Appellant, v. WILLIAM H. MARTIN *et al.*, Defendants-Appellees.

Second District   No. 2—88—0348

Opinion filed December 28, 1988.

Richard R. Solomon, of Richard R. Solomon & Associates, of Aurora, for appellant.

Paul A. Lewis and William J. Hogan III, both of Alschuler, Putnam, McWethy, Funkey & Lewis, P.C., of Aurora, for appellees.

JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff, Aurora National Bank, appeals from a judgment of the circuit court of Kane County granting the motion for summary judgment of defendant Karen Martin. On appeal, plaintiff contends that: (1) Karen Martin's obligation required no consideration; or (2) her obligation was supported by the antecedent consideration provided to the principal obligor; or (3) Martin is liable on the personal guaranty she signed on or about April 1, 1985. We reverse and remand.

On January 19, 1985, TWAIT/WHM, Inc., d/b/a Bill Martin, Inc. (TWAIT), executed a note with plaintiff. William Martin personally guaranteed this note. TWAIT executed another note on February 13, 1985, and William Martin again personally guaranteed the note. On April 1, 1985, TWAIT executed a "Master Note Agreement" and a "Promissory Revolving Note" establishing a $300,000 line of credit for TWAIT with plaintiff and renewing the January and February notes. At approximately the same time, William Martin and Karen Martin, William's wife and vice-president and secretary of the corporation, signed guaranty agreements personally guaranteeing TWAIT's debt. The agreements were dated April 1, 1985, but Karen denied signing hers on that date.

On July 3, 1986, TWAIT executed a note for $50,000, which William and Karen personally guaranteed. This note was for the purpose of restructuring part of TWAIT's original debt. Finally, on July 21,

1986, a new "Promissory Revolving Note" and "Master Note Agreement" were executed. The Martins executed the agreement in their representative capacities and individually. This note restructured the remainder of TWAIT's debt to plaintiff.

Plaintiff filed suit against the Martins on both July notes. The Martins filed a motion for summary judgment, arguing that they could not be held liable in their individual capacities because they did not receive consideration for their signatures. Plaintiff argued that the Martins received consideration through the payment of TWAIT's previous obligations. The trial court denied the motion as to William, but granted summary judgment in Karen's favor. This appeal ensued.

■ Plaintiff's first two contentions are based on the application of article 3 of the Uniform Commercial Code (Ill. Rev. Stat. 1987, ch. 26, par. 3–101 *et seq.*) to the present dispute. However, the record indicates that plaintiff did not raise these issues in the lower court. Arguments not asserted in the trial court are waived for purposes of review; therefore, plaintiff's arguments are deemed waived. See *Printpack, Inc. v. Container Technologies, Inc.* (1984), 124 Ill. App. 3d 568, 575 (issues raised under article 2 of the Commercial Code waived on appeal because they were not raised in the trial court).

We now turn to an analysis of the issue under the common law. Summary judgment was granted for Karen Martin on the ground that she did not receive any consideration in exchange for her signatures on the promissory notes. Plaintiff argues that Karen received consideration because the bank continued to lend the corporation money after April 1985.

■ Summary judgment is only proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2–1005(c).) The trial court's role in ruling on such a motion is to determine whether a factual question exists, not to resolve it. (*Puttman v. May Excavating Co.* (1987), 118 Ill. 2d 107, 112.) Summary judgment is a drastic remedy and should only be granted when the moving party's right is clear and free from doubt. *Purtill v. Hess* (1986), 111 Ill. 2d 229, 240.

■ ■ When a guaranty is executed contemporaneously with the note, the consideration for the note is consideration for the guaranty, but if the guaranty is executed after the debt is incurred, new consideration is necessary to support the guaranty. (*American National Bank v. Warner* (1984), 127 Ill. App. 3d 203, 207.) The notes involved in the present case were both renewals of previous corporate debt. Defendant argues that because the debts had previously been incurred, more consideration was necessary to hold Karen Martin liable

on the notes. We disagree. Renewal of a note and surrender of the existing note is sufficient consideration to hold a guarantor liable on a renewal note. (*Continental National Bank v. Schiller* (1980), 89 Ill. App. 3d 216, 220.) Therefore, Karen Martin did receive consideration for her signature on the notes in this case, and summary judgment in her favor was not proper.

The judgment of the circuit court of Kane County is reversed, and the cause is remanded.

Reversed and remanded.

INGLIS and DUNN, JJ., concur.